# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| | ) | |
| **v.** | ) | **Case No. 1:22-CR-20** |
| | ) | |
| | ) | |
| **AARON JOVAN RAIFORD,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM ORDER

Presently before this Court are Syronmb Raiford's pro se request for reimbursement of funds forfeited in the above criminal action [ECF No. 65] and the Government's motion to dismiss the request [ECF No. 68].

Ms. Raiford is a third-party to this action. Section 853(n)(2) provides that "[a]ny person, other than the defendant, asserting a legal interest in property which has been ordered forfeited to the United States pursuant to this section may … petition the court for a hearing to adjudicate the validity of his alleged interest in the property." *Id*. "A third-party petitioner must demonstrate that she has a legally sufficient interest in the forfeited property to give her standing to challenge the forfeiture." *United States v. Mallu*, 2025 WL 606600, at *3 (W.D. Pa., Feb. 25, 2025) *quoting United States v. Sze*, 2024 WL 195468, at *4 (D.N.J. Jan. 18, 2024). Furthermore, the statute provides that "the petition shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property, any additional facts supporting the petitioner's claim, and the relief sought." *Id*.

The current petition by Ms. Raiford is legally deficient for a number of reasons. First, the petition is not signed under penalty of perjury, as it must be in accordance with the requirements of 21 U.S.C. § 853(n)(3). *See United States v. Winters*, 2020 WL 1911473, at *3 (W.D. Pa. Apr. 20, 2020) ("Because of the substantial danger of false claims in forfeiture proceedings, federal courts require strict compliance with the requirement that the petition be signed under penalty of perjury." (internal citation omitted). Additionally, the petition does not meet any of the requirements outlined in the statute, specifically, she has not explained the nature of any rights to or interests in the funds or any additional facts supporting her claim.

AND NOW, this 11th day of April 2025:

IT IS HEREBY ORDERED that the instant petition for return of property [ECF No. 65] is dismissed. Petitioner may file an amended petition that complies with the requirements of the statute within thirty (30) days of the date of this Order.

IT IS FURTHER ORDERED that the Government's motion to dismiss [ECF No. 68] is granted.

Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States District Judge